DOC ID #: 0008558366812004

**3. PAYMENTS**

   **(A) Time and Place of Payments**

   I will pay principal and interest by making a payment every month.

   I will make my monthly payments on the FIRST day of each month beginning on February, 2005. I will make these payments every month until I have paid all the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied to interest before Principal. If, on JANUARY 01, 2035, I still owe amounts under the Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

   I will make my monthly payments at
   P.O. Box 10219, Van Nuys, CA 91410-0219

or at a different place if required by the Note Holder.

   **(B) Amount of My Initial Monthly Payments**

   Each of my initial monthly payments will be in the amount of U.S. $ 1,749.72. This amount may change.

   **(C) Payment Change Dates**

   My monthly payment may change as required by Section 3(D) below beginning on the first day of FEBRUARY, 2006, and on that day every 12th month thereafter. Each of these dates is called a "Payment Change Date." My monthly payment also will change at any time Section 3(F) or 3(G) below requires me to pay a different monthly payment.

   I will pay the amount of my new monthly payment each month beginning on each Payment Change Date or as provided in Section 3(F) or 3(G) below.

   **(D) Calculation of Monthly Payment Changes**

   At least 30 days before each Payment Change Date, the Note Holder will calculate the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Payment Change Date in full on the maturity date in substantially equal installments at the interest rate effective during the month preceding the Payment Change Date. The result of this calculation is called the "Full Payment". The Note Holder will then calculate the amount of my monthly payment due the month preceding the Payment Change Date multiplied by the number 1.075. The result of this calculation is called the "Limited Payment." Unless Section 3(F) or 3(G) below requires me to pay a different amount, my new

CONV
• ARM PayOption Rider
1D729-US (07/02).01          Page 4 of 7          Initials: _____

DOC ID #: 00085583668l2004

required monthly payment will be lesser of the Limited Payment and the Full Payment. I also have the option each month to pay more than the Limited Payment up to and including the Full Payment for my monthly payment.

### (E) Additions to My Unpaid Principal

My monthly payment could be less than the amount of the interest portion of the monthly payment that would be sufficient to repay the unpaid principal I owe at the monthly payment date in full on the Maturity Date in substantially equal payments. If so, each month that my monthly payment is less than the interest portion, the Note Holder will subtract the amount of my monthly payment from the amount of the interest portion and will add the difference to my unpaid principal. The Note Holder also will add interest on the amount of this difference to my unpaid principal each month. The interest rate on the interest added to Principal will be the rate required by Section 2 above.

### (F) Limit on My Unpaid Principal; Increased Monthly Payment

My unpaid principal can never exceed a maximum amount equal to ONE HUNDRED FIFTEEN percent ( 115 %) of the Principal amount I originally borrowed. My unpaid principal could exceed that maximum amount due to the Limited Payments and interest rate increases. In that event, on the date that my paying my monthly payment would cause me to exceed that limit, I will instead pay a new monthly payment. The new monthly payment will be in an amount that would be sufficient to repay my then unpaid principal in full on the Maturity Date in substantially equal installments at the current interest rate.

### (G) Required Full Payment

On the fifth Payment Change Date and on each succeeding fifth Payment Change Date thereafter, I will begin paying the Full Payment as my monthly payment until my monthly payment changes again. I also will begin paying the Full Payment as my monthly payment on the final Payment Change Date.

## 4. NOTICE OF CHANGES

The Note Holder will deliver or mail to me a notice of any changes in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

CONV
• ARM PayOption Rider
1D729-US (07/02).01

Page 5 of 7

Initials: _____

Case: 11-05106    Doc# 1-9    Filed: 04/12/11    Entered: 04/12/11 16:06:59    Page 2 of 8

DOC ID #: 0008558366812004

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Uniform Covenant 18 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

CONV
• ARM PayOption Rider
1D729-US (07/02).01

Page 6 of 7

Initials: _____

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

DOC ID #: 0008558366812004

_____*Kimly Cox*_____ (Seal)
KIMBERLY COX                                            -Borrower

_____ (Seal)
                                                        -Borrower

_____ (Seal)
                                                        -Borrower

_____ (Seal)
                                                        -Borrower

CONV
● ARM PayOption Rider
1D729-US (07/02).01                Page 7 of 7

Order No.: 2496961c
Reference No.:
Escrow Officer: Norman, Tamera
Escrow Number: 1694228

## DESCRIPTION

All that certain land situated in the State of California, County of **SANTA CRUZ**, City of **SANTA CRUZ**, described as follows:

LOT 8, AS THE SAME IS SHOWN AND DESIGNATED UPON THAT CERTAIN MAP ENTITLED, "SUTPHENS ADDITION TO SANTA CRUZ, SEPT. 1889, E. D. PERRY, SURVEYOR", FILED FOR RECORD IN THE OFFICE OF THE COUNTY RECORDER ON SEPTEMBER 26, 1889, IN MAP BOOK 10, PAGE 22, SANTA CRUZ COUNTY RECORDS.

EXCEPTING THEREFROM THE HEREINABOVE DESCRIBED LANDS SO MUCH AS WAS CONVEYED TO A. L. WHITNEY BY DEED RECORDED JULY 16, 1890, IN VOLUME 73 OF DEEDS, PAGE 352, RECORDS OF SANTA CRUZ COUNTY, BEING A STRIP OF LAND APPROXIMATELY EIGHT FEET IN WIDTH ALONG THE NORTHERLY LINE OF SAID LANDS TO BE --"PERPETUALLY KEPT OPEN, USED AND MAINTAINED AS AN ALLEY WAY-".

APN No: **008-091-17**

THIS IS TO CERTIFY THAT IF BEARING THE SEAL OF THE COUNTY RECORDER OF SANTA CRUZ COUNTY CALIFORNIA THIS IS A CORRECT COPY OF A DOCUMENT FILED RECORDED IN THE RECORDS OF SANTA CRUZ COUNTY CALIFORNIA.

SEAN SALDAVIA     COUNTY RECORDER

*Sean Saldavia*

DATE

JAN 3 1 2011

# Exhibit No. 9

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

Attn: Dolores Romo-Carabajal
TS No. 09-0167053
Title Order No. 090786166



2009-0055087 11/24/2009 01:40:48 PM
OFFICIAL RECORDS OF Santa Cruz County
Sean Saldavia Recorder
RECORDING FEE: $18.00
COUNTY TAX: $0.00
CITY TAX: $0.00


NDEF
3 PGS
RCD132

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded ( which date of recordation appears on this notice).

This amount is $29,410.66, as of 11/13/2009 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations ( such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

[Page 1 of 2 ]                                                                 Form nod (09/01)

Case: 11-05106   Doc# 1-9   Filed: 04/12/11   Entered: 04/12/11 16:06:59   Page 8 of 8