09-0167053

Kimberly Cox
131 Sutphen St
Santa Cruz, CA 95060

**Property Address:**
131 Sutphen St
Santa Cruz, CA 95060

## CALIFORNIA DECLARATION

I, <u>Stacia Adams</u>, of BAC Home Loans Servicing, LP, declare under penalty of perjury, under the laws of the State of California, that the following is true and correct:

BAC Home Loans Servicing, LP, has obtained from the Commissioner of Corporations a final order of exemption pursuant to California Civil Code Section 2923.53 that is current and valid on the date the accompanying Notice of Sale is filed.

**AND**

The timeframe for giving Notice of Sale specified in subdivision (a) of Civil Code Section 2923.52 <u>does not</u> apply pursuant to Section 2923.52 (b).

12/30/2009  Simi Valley, CA
Date and Place

Stacia Adams                                    Team Manager
Name of Signor                                  Title and/or Position

*[signature]*
Signature

This communication is from BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.

CA Dec AB No 7  11214  07/29/2009

10-6176-0065

THIS IS TO CERTIFY THAT IF BEARING THE SEAL OF THE COUNTY
RECORDER OF SANTA CRUZ COUNTY CALIFORNIA THIS IS A CORRECT
COPY OF A DOCUMENT FILED. RECORDED IN THE RECORDS OF SANTA
CRUZ COUNTY CALIFORNIA.

SEAN SALDAVIA          COUNTY RECORDER

*Sean Saldavia*
DATE
JAN 3 1 2011

# Exhibit No. 12



**Bank of America**
**Home Loans**

Customer Service Department, CA6-919-01-41
450 American Street
Simi Valley, CA 93065-6298

September 22, 2009

Kimberly Cox
131 Sutphen St
Santa Cruz, CA 95060
Attention: John R. Smith, Esq.

Subject:   Bank of America Home Loan Number ending in: 3668
           Property Address: 131 Sutphen St, Santa Cruz, CA 95060

Dear Mr. Smith:

Thank you for contacting our office with your correspondence dated September 08, 2009.

Please find enclosed all available loan documents and note that the *Loan Transaction History Statement* you requested has been mailed under separate cover.

If you are seeking payment assistance, you may contact our Home Retention Department ("HRD") directly at (800) 669-0102. Please be prepared to discuss payment assistance options by having the following items readily available:

- Letter of hardship
- Evidence of income (2 most recent pay stubs or if self employed, tax records)
- Bank statements (2 most recent)
- Last year's tax returns
- Monthly expenditure information

You may also forward the above-referenced items to HRD via facsimile at (800) 658-0395. Please note that assistance is not a guarantee, however Bank of America Home Loans will look at every available option to assist you.

The remainder of your requests will be addressed under separate cover, pursuant to Real Estate Settlement and Procedures Act guidelines.

For all other questions, please contact the Customer Service Department at (800) 669-6607. Thank you for the opportunity to be of service.

Sincerely,

Customer Service
Enclosures

# Exhibit No. 13



**Countrywide**
HOME LOANS

COUNTRYWIDE HOME LOANS, INC.
CUSTOMER CARE UNIT
400 COUNTRYWIDE WAY, MS SV-314
SIMI VALLEY, CA 93065
(800) 669-6093
(805) 520-5032 FAX

April 22, 2009

Kimberly Cox
131 Sutphen St.
Santa Cruz, CA 95060

Subject: Countrywide Home Loan # 85583668

Dear Ms. Cox,

This letter is pursuant to your correspondence dated January 19, 22, and 28, 2009, February 10, and 28, 2009, March 10, 2009, and April 6, and 9, 2009 addressed to Countrywide Home Loans, Inc., regarding your home loan. Although your correspondence purports to serve as a "qualified written request," the information requested in your correspondence goes well beyond that which is available through a qualified written request made under 12 U.S.C. §2605(B) ("QWR").

As you may be aware, a QWR is written correspondence which includes a statement of specific reasons why the borrower believes that their account is in error and which provides sufficient detail to allow the servicer of the loan to review the borrower's account to determine whether there were errors made in connection with the account, and to either make appropriate corrections where errors were made, or to explain to the borrower why the servicer believes the account is accurate. A QWR is not a vehicle for obtaining information regarding the lender's general business practices, its relationship with government sponsored entities, its mortgage servicing and accounting computer systems, its trade secrets or any other proprietary information, nor can it be used to support a phishing expedition for documents that may support a claim or as a pretext designed to force the lender to accept a modification request rather than incur the expense of responding. This is especially true where, as is the case with your "QWR", the only reason given for the request are vague references to your general concerns regarding "potential fraudulent and deceptive practices," without reference to a single specific issue of concern regarding the loan.

Additionally, although your correspondence purports to require Countrywide to respond to each of your inquiries or waive certain of its rights, and further concludes, without any factual support, that Countrywide has somehow granted a power of attorney in the borrower's favor, Countrywide is under no obligation to respond to all of your inquiries and has granted no such power of attorney. Please be advised that Countrywide expressly rejects any claim or conclusion that it has somehow limited or waived any rights or remedies it may now or hereafter have, whether arising under the loan documents, at law or in equity, as the result of its response, or lack thereof, to all, or any portion, of the borrowers' "qualified written request," all of which rights and remedies are expressly reserved.

Although your "QWR" is overly broad, unduly burdensome and not in conformity with 12 U.S.C. §2605, we did review our file documents in an attempt to obtain information responsive to those of your inquiries which were consistent with 12 U.S.C. §2605. The results of this review of your loan files are set forth below and in the documents attached hereto.

Case: 11-05106    Doc# 1-11    Filed: 04/12/11    Entered: 04/12/11 16:06:59    Page 6 of 8

Letter to Ms. Cox
April 20, 2009
Page Two (2)

Briefly, this loan originated on December 10, 2004, with an original principal balance of $544,000.00 and a first payment due on February 1, 2005.

Further, as requested, Countrywide has taken the necessary measures to cease all telephone communication with you from our Collection Department. As such, all future correspondence from Countrywide to you will be forwarded via U.S. Mail.

I will address your remaining inquiries that require a response in the same order as presented in your letter:

### 1.) Document Copies
Enclosed are copies of the available loan documents pertaining to the origination of the subject loan. Your signatures on these documents confirm you received, read, understood, and agreed to the terms and conditions contained within each document. As such, we find no evidence to support any violations of the Real Estate Settlement Procedures Act ("RESPA"), Truth In Lending Act ("TILA"), or any evidence of loan origination fraud or predatory lending violations. Your requests for all other documents and check copies have been declined as they do not concern the application of payments or the disbursement of funds in association with your loan, and make no allegations whatsoever of any wrongdoing by Countrywide.

### 2.) Account Accounting and Servicing Systems
These requests are not related to the servicing of the loan and do not concern the application of payments to this loan or the disbursement of funds to you.

### 3.) Debits and Credits
Enclosed is a *Loan Transaction History Statement* that provides a detailed outline of transactions associated with this loan. Please note that this history provides pertinent information on payments received, funds in the suspense/unapplied funds balance, and late fees assessed and paid. The *Loan Transaction History Statement* is designed to be user-friendly and there are no codes or terms used that require specific definitions.

### 4.) Mortgage and Assignments
The owner of this loan is Bank of New York whose address is 101 Barclay St. 4W, New York, NY 10286. Countrywide services the loan on behalf of the owner.

### 5.) Attorney Fees
No attorney or foreclosure fees or costs have been assessed to this loan.

### 6.) Suspense/Unapplied Accounts
See the response in 3 above.

Letter to Ms. Cox
April 22, 2009
Page Three (3)

**7.) Late Fees**
Please see the response in 3 above for late charges assessed to the account, and review section 1 of the *Deed of Trust* and section 6(A) of the *Adjustable Rate Note* (copies enclosed) for details regarding the assessment of late charges. Please note that paid late charges will be reported to the IRS as interest paid.

**8.) Property Inspections**
Please refer to section 14 of the enclosed *Deed of Trust* regarding the terms and conditions surrounding property inspections and related fees. Further, there have been inspection fees totaling $30.00 assessed to the subject loan. (2 each at $15.00)

**9.) Broker Price Opinion ("BPO") Fees**
No BPO fees have been assessed to the subject loan.

**10.) Force Placed Insurance**
This confirms that force placed insurance has not been placed on the subject loan.

**11.) Servicing Related Questions**
See the response in 4 above. With respect to the Servicing Related Questions section, your requests do not concern the application of payments or the disbursement of funds associated with your loan, and make no allegations whatsoever of any wrongdoing by Countrywide. Our records indicate that the subject loan reflects a delinquent status as it is past due for the December 2008 through April 2009 installments, and has not been referred for foreclosure at this time.

Further, this confirms that we have submitted an updated with the credit bureaus with whom we correspond to remove any negative reporting for the January through March 2009 installments; however, as of the date of this letter, the loan has been returned to normal servicing. As a member of the credit granting community, Countrywide, like most creditors, relies on the accuracy and validity of the information obtained from the various reporting agencies. As such, we will continue to accurately report the status of the subject loan to your credit file.

Please note California Civil Code § 2923.6(a) which requires that a servicer act in the best interest of all parties by agreeing to a loan modification or workout plan if the loan is in payment default, or if payment default is foreseeable, and if net present value of an anticipated recovery under a modification will exceed that which may be obtained in foreclosure proceedings.

Your request for assistance has been forwarded to Countrywide's Home Retention Division for review and consideration. You may contact our Home Retention Division, at (800) 262-4218, to discuss status of your request as well as your options. It is important for you to know that assistance is not guaranteed and is dependent on several factors, but Countrywide will look at every option in an effort to assist you.