| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | Timothy Y. Fong<br>CA SBN #255221<br>3333 Bowers Avenue, STE 130<br>Santa Clara, CA 95054<br>Tel 408-627-7810<br>Fax 408-457-9417<br>tyfong919@gmail.com |
| 6<br>7 | Attorney for Debtor<br>Kimberly Cox |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>KIMBERLY COX<br><br>    Debtor<br><br>KIMBERLY COX<br><br>    Plaintiff,<br><br>vs.<br><br>RECONTRUST COMPANY, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS CWMBS, INC. CHL MORTGAGE PASS-THROUGH TRUST 2005-2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2; AMERICA'S WHOLESALE LENDER; COUNTRYWIDE HOME LOANS, INC.; BAC HOME LOANS SERVICING, LP; does 1-1000; and, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title,<br><br>    Defendants. | Case No. 5:10-bk-61716 CN<br><br>Chapter 7<br><br>Adv. Case No. 5:11-ap-05106<br><br>**PLAINTIFF'S REPLY AND OPPOSITION TO DEFENDANTS' OBJECTION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Date:     June 10, 2011<br>Time:    2:00 P.M.<br>Dept:     Courtroom 3070<br>           280 South First St.<br>           San Jose, CA 95113-3070<br>Judge:   Hon. Charles Novack |

Plaintiff opposes Defendants' Objection to Plaintiff's Request for Entry of Default ("Objection") as follows:

Defendants' statement that the effect of filing a F.R.Bankr.P ("FRBP") Rule 7012(b) motion alters the time in which a responsive pleading is to be filed pursuant to FRBP 7012(a)(4) is false, unsubstantiated and not provided for in any statute or applicable rule.

There is currently no FRBP 7012(a)(4) as cited in Defendants' Objection.

The statement relied on quoted by Defendants is as follows:

> **"Unless the court sets a different time, serving a motion under this rule alters these periods as follows: (a) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action"**

is taken out of context, is incomplete, out of date and misleading.

In its current format, FRBP Rule 7012(a) states the following in pertinent part:

> **"If a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court."**

<u>There has not been a different time prescribed by the court.</u>

<u>Defendants have NOT complied by serving an answer to Plaintiff's Complaint.</u>

FRBP Rule 7012(a) further states in pertinent part:

> **The service of a motion permitted under this rule alters these periods of time as follows, unless a different time is fixed by order of the court: (1) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 14 days after notice of the court's action;"** (balance of the rule not included as not being pertinent)

Defendants completely misquote FRBP Rule 7012(b) which is quoted below in its entirety:

> **(b) Applicability of Rule 12(b)-(i) F.R.Civ.P.**
>
> **Rule 12(b)-(i) F.R.Civ.P. applies in adversary proceedings. A responsive pleading shall admit or deny an allegation that the proceeding is core or non-core. If the response is that the proceeding is non-core, it shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge. In non-core proceedings final orders and judgments shall not be entered on the bankruptcy judge's order except with the express consent of the parties.**

-1-

F.R.Civ.P. ("FRCP") Rule 12(b) which applies to the case at bar, is quoted in its entirety below so there is no confusion:

> **"(b) How to Present Defenses.**
> **Every defense to a claim for relief <u>in any pleading</u> must be asserted in the <u>responsive pleading</u> if one is required. But a party may assert the following defenses by motion:**
> **(1) lack of subject-matter jurisdiction;**
> **(2) lack of personal jurisdiction;**
> **(3) improper venue;**
> **(4) insufficient process;**
> **(5) insufficient service of process;**
> **(6) failure to state a claim upon which relief can be granted; and**
> **(7) failure to join a party under Rule 19.**
> **<u>A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.</u> If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion."**
> **(emphasis added)**

Note the wording that Defendants conveniently leave out which is that these defenses must be made before pleading <u>if a responsive pleading is allowed.</u> This is not a situation where a responsive PLEADING is allowed, but it is in fact required. The defenses Defendants were to assert as listed above were to be ASSERTED IN THE RESPONSIVE PLEADING if one is required and an ANSWER is both a pleading and was required to be **served** pursuant to F.R.C.P. 12(a)(1)(A)(i) ["Time to Serve a Responsive Pleading"] within 21 days after service or by May 4, 2011[1] (Defendants were served on 13 April 2011), and **filed** by May 13, 2011. Defendants' Motion to Dismiss IS NOT a pleading and was not timely served or filed.

---

[1] **"NOTES TO RULE 1001**
**NOTES OF ADVISORY COMMITTEE ON RULES - 1983**
Section 247 of Public Law 95-598, 92 Stat. 2549 amended 28 U.S.C. Sec. 2075 by omitting the last sentence. The effect of the amendment is to require that procedural rules promulgated pursuant to 28 U.S.C. Sec. 2075 be consistent with the bankruptcy statute, both titles 11 and 28 U.S.C. Thus, although Rule 1001 sets forth the scope of the bankruptcy rules and forms, <u>any procedural matters contained in title 11 or 28 U.S.C. with respect to cases filed under 11 U.S.C. would control.</u> See 1 Collier, Bankruptcy 3.04 (2)(c) (15th ed. 1980)." (Emphasis added)

Title 28 Part V Chapter 131 § 2075 states in relation to the Supreme Court having the power to prescribe the rules: "Such rules shall not abridge, enlarge, or modify any substantive right."

Plaintiff contends, it is her substantive right to be served with an answer to her complaint within 21 days after service pursuant to F.R.C.P. 12(a)(1)(A)(i). Plaintiff further contends, F.R.B.P. 7012(a) stating "...the defendant shall "serve" (which should state "file") an answer within 30 days after the issuance of the summons" is a typographical error or otherwise a modification not allowed pursuant to 28 U.S.C. which is evidenced by the notes to Rule 7012 which states in pertinent part:

> **"NOTES TO RULE 7012**
> **NOTES OF ADVISORY COMMITTEE ON RULES - 1983**
> Subdivision (a) continues the practice of former Bankruptcy Rule 712(a) by requiring that the answer to a complaint be **filed** within 30 days after the issuance of the summons." (Emphasis added)

That the answer to a complaint be required to be FILED within 30 days would then be consistent with the continuation of the practice of the bankruptcy former rule as it was intended; with the Summons as written; AND, the F.R.C.P. which therefore requires in Rule 12(a) that **Defendants had 21 days after service in which to SERVE Plaintiff their answer and 30 days after issuance of the Summons to FILE said answer. Defendants have failed to do either and should therefore be deemed in default.**

While the Summons provides the opportunity to make a motion pursuant to BRCP Rule 7012, there is NO provision for any such motion to be made in lieu of Defendants' responsibility to answer Plaintiff's Complaint which must be done by a pleading, not by a motion. An allowable pleading is identified in FRCP Rule 7(a) which specifically states that "Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." This means that although Defendants' Motion to Dismiss is an allowable defense presentable in a motion, it is NOT considered a pleading and therefore cannot be used in lieu of an answer to Plaintiff's Complaint.

Plaintiff served the Defendants with her Complaint the same day as the Summons was issued, April 13, 2011. Plaintiff did not have to serve Defendants for 14 days after issuance of the summons which gave Defendants an extra 14 days in which to proffer an answer to Plaintiff's Complaint or serve and file their motion before or contemporaneously with the answer when due. Defendants had every opportunity to present their motion before or at the same time the answer was due as allowed by the Rules of Civil Procedures but chose to distort the rules as they saw fit and should suffer the consequences for their miscreant behavior.

///

///

-3-

1  Contrary to Defendants claims, Plaintiff's request for entry of default is not premature, but Defendants' motion is untimely, improper and they have not answered the complaint as required so they are in default.

Defendants' dilatory tactics and distortion of the rules should not be allowed to prevail and Plaintiff respectfully requests this honorable court enter default against the Defendants which is appropriate under the circumstances.

Dated: 05/26/2011

/s/ Timothy Y. Fong
Timothy Y. Fong
Attorney for Kimberly Cox