Timothy Y. Fong
CA SBN #255221
3333 Bowers Avenue, STE 130
Santa Clara, CA 95054
Tel 408-627-7810
Fax 408-457-9417
tyfong919@gmail.com

Attorney for Debtor
Kimberly Cox

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 5:10-bk-61716 CN |
| KIMBERLY COX | Chapter 7 |
| Debtor | Adv. Case No. 5:11-ap-05106 |
| KIMBERLY COX | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OBJECTION AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; PLAINTIFF'S COUNTER-MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS AND COUNTER-MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT; DEFENDANTS' FAILURE TO COMPLY WITH FED.R.BNKR.P. 70071.1(a) AND (b)** |
| Plaintiff, | |
| vs. | |
| RECONTRUST COMPANY, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS CWMBS, INC. CHL MORTGAGE PASS-THROUGH TRUST 2005-2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2; AMERICA'S WHOLESALE LENDER; COUNTRYWIDE HOME LOANS, INC.; BAC HOME LOANS SERVICING, LP; does 1-1000; and, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, | |
| | Date: June 10, 2011 |
| | Time: 2:00 P.M. |
| | Dept: Courtroom 3070 |
| | 280 South First St. |
| | San Jose, CA 95113-3070 |
| Defendants. | Judge: Hon. Charles Novack |

# TABLE OF CONTENTS

I. <u>INTRODUCTION AND ISSUES</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    In re Defendants' I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. <u>STATEMENT OF FACTS</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    In re Defendants' II. BACKGROUND AND PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . 2

        In re Defendants' II.A. The "Loan" and deed of trust . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        In re Defendants' II.B. the Chapter 7 bankruptcy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. <u>ARGUMENT</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    In re Defendants' III. Plaintiff's alleged lack of standing and Court's lack of jurisdiction . . . . . . . . . . . . 4

        In re Defendants' III.A. Defendants allege Plaintiff lacks standing . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        In re Defendants' III.B. Defendants' allege the Court lacks subject matter jurisdiction . . . . . . . . . . . 5

        In re Defendants' III.C. Defendants' allege venue is improper . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    In re Defendants' V. Defendants claim that Plaintiff failed to state a claim upon which relief can be granted. . . . . . . . . . 8

        In re Defendants' V.A. Defendants' alleged standard for motion to dismiss under F.R.C.P. 12(b)(6) . . . . . . . . . . . . . 8

    In re Defendant's V.B. Defendants allege that Plaintiff's first claim for declaratory relief fails . . . . . . . . . . . . . . . . . 9

        In re Defendants' V.B.1. Defendants allege that Plaintiff has failed to state a claim upon which relief can be granted . . . 9

        In re Defendants' V.B.2. Defendants allege Plaintiff has failed to allege a violation of the law. . . . . . . . . . . . . . . . . 10

            In re Defendants' V.B.2.a. Defendants' allege the "loan" is not void because Plaintiff failed to look for Lender's business registration. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            In re Defendants' V.B.2.b. Defendants' allege the "loan" is not void due to it being separated from the deed of trust. 11

            In re Defendants' V.B.2.c. Defendants' allege that the "Loan" is not void due to the alleged forgeries. . . . . . . . . . . 11

    In re Defendants' V.C. Defendants' allege that Plaintiff's second claim for relief - for declaratory relief to disallow claims as secured and cancel security instrument fails . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    In re Defendants' V.D. Defendants' allegation that Plaintiff's third claim for relief - injunctive relief to stop foreclosure action fails . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    In re Defendants' V.E. Defendants' allege that Plaintiff's fourth claim for relief for quiet title fails . . . . . . . . . . . . . 14

IV. <u>CONCLUSION</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

## Cases

*Carpenter v. Longan*, 83 U.S. 271, 274, (1872) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Gomes v. Countrywide Home Loans, Inc.* 192 Cal.App.4th 1149, (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1081 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . 6

*In re American Freight Systems, Inc.*, 179 B.R. 952, 956 (Bankr. D. Kan. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Casamont Investors, Ltd.*, 196 B.R. 517, 521 (9th Cir. BAP 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Diversified Contract Servs., Inc.*, 167 B.R. 591, 595 (Bankr. N.D. Cal. 1994) . . . . . . . . . . . . . . . . . . . . . . 6

**In re Killebrew (1989, CA5 Miss) 888 F2d 1516, 19 BCD 1765, CCH Bankr L Rptr P 73188** . . . . . . . . . . . . . . . . . 4

*In re Lopez*, 283 BRF 22, 28 (9th Cir. BAP 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Pace*, 146 B.R. 562, 564 (B.A.P. 9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Torres*, 367 B.R. 478, 481 (Bankr. S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993) . . . . . . . . . . . . . . . . . . 9

*Mabry v. Superior Court of Orange County,* 185 Cal.App.4th 208 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Williams v. Gorton*, 529 F.2d 668, 672 (9th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## Statutes

Cal. Penal Code § 115 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

11 U.S.C. § 554(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 U.S.C. § 554(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

11 USC § 554 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 USC § 554 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 2202 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. § 1334 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. § 1334 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1334(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1334(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1334(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Cal.Civ.Code § 2923.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11, 12

Cal.Civ.Code § 2932.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal.Comm.Code § 3307 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Cal.Comm.Code § 3308 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

California Penal Code §§ 470-483.5, 530.5(a) and § 115 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Cal.Civ.Code § 2934a.(a)(4)..................................................................................................4

## Other Authorities

Notes to Rule 9014 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

RESPA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## Rules

B.L.R. 9014-1(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B.L.R. 9014-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

F.R.B.P Rule 2002(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

F.R.B.P. 2002(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

F.R.B.P. 3002(c)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

F.R.B.P. 7001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

F.R.B.P. 7001 (2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

F.R.B.P. 7001 et seq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

F.R.B.P. Rule 7001(10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

F.R.C.P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

F.R.C.P. 7(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

F.R.C.P. Rule 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

F.R.B.P. Rule 7012(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

F.R.B.P. Rule 9014 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# I. INTRODUCTION AND ISSUES

Throughout their Motion to Dismiss ("Motion") and Memorandum of Points and Authorities ("P&A"), Defendants make numerous false, conclusory, incoherent and unintelligible statements which lack factual competence, foundation or evidence and lacking appropriate terminology as it relates to the issues in this Action. The same holds true for most, if not all Defendants' authorities which generally do not apply to any of the arguments presented and/or Plaintiff's Complaint or claims for relief. Due to the local rule page limit imposed for responding to Defendants' Motion, Plaintiff is limited from making many substantive arguments, a number of which will be merely listed and refuted. Plaintiff will attempt to correlate her responses to Defendants' Motion to Dismiss as follows.

**In re Defendants' I. INTRODUCTION**

At the outset, Defendants allege Plaintiff "took out a loan"; and, "took out a Deed of Trust against her residence." Similar statements are duplicated in Defendants' P&A p.3 § A ¶ 2. What "took out" means is unintelligible, not cognizable and lacks specificity or appropriate terminology.

Plaintiff objects to, and denies Defendants' statement that she is in default (P&A p.1:4).

Defendants' statement that Plaintiff's "complaint does not allege that payments have not been properly credited" is untrue (see, Plaintiff's Complaint p.7:23-26 and p.8:1-2).

Nowhere does any Defendant claim that it is: a) a creditor or obligee to Plaintiff; b) is or are due any payment(s) and if so how much; c) is obligated to make payments itself as a co-obligor (see, Plaintiff's Complaint Exhibit 6 p.3 ¶ 9); or d) that Plaintiff is obligated to any specific Defendant; and if so, which one and why. Defendants' fail to provide any irrefutable evidence to support they are creditors in any lawful capacity whatsoever.

Defendants' statement: "Plaintiff believes..." and the like; are inappropriate and specifically objected to as untrue and conclusory (see, P&A p.1:7-9).

Plaintiff is a real party in interest to the real property the subject of this Action ("Property"). Defendants' statement that Plaintiff cannot bring this adversary proceeding for the claims for relief in her Complaint and "[m]ay only be brought by the Chapter 7 trustee" is untrue (F.R.B.P. 7001 et seq).

Virtually all citations Defendants provide are distinguishable and/or inapplicable to Defendants' arguments, claims and/or allegations and fatally off point.

Defendants claim that Plaintiff "[h]as not received an order granting the motion" to compel the trustee to abandon Plaintiff's property, is misleading and untrue. An order granting said motion was filed and is on the record, even though not signed by the judge.

-1-

Defendants' statement "Plaintiff simply switches lack of standing for lack of jurisdiction" (P&A p.1:7) is unintelligible and conclusory as is Defendants' subsequent statement "claims must be related to administration of the bankruptcy estate" for the Court to have jurisdiction; while instructing this honorable Court of its authority. Defendants further express that the Court should abstain from hearing Plaintiff's Complaint; even though the Complaint contains claims for relief related to the (un)secured status, validity, extent and interest of these purported debts scheduled in Plaintiff's bankruptcy and argue these bankruptcy related claims are "better considered in state court."

Contrary to Defendants' conclusory statements, a bankruptcy adversary proceeding or Chapter 7 liquidation cannot be "heard in state court". (See, P&A p.1:21-23)

## II. STATEMENT OF FACTS

**In re Defendants' II. BACKGROUND AND PROCEDURAL HISTORY**

**In re Defendants' II.A. The "Loan" and deed of trust**

Contrary to Defendants' statements, if the original note exists any longer, which Plaintiff contends on information and belief (on information provided by the Defendants themselves) does not; it would be evidence of the purported debt, not evidence of "the loan" (P&A p.3:2-4) . Defendants continue to use improper terminology. Pursuant to the photocopies of the copies of the note ("Note") provided by Defendants (no copies of the original note have been produced or are in evidence at this time); Plaintiff contends the note and deed of trust ("DOT") and any copies or copies of copies thereof, are invalid, unsecured and dischargeable in Plaintiff's Bankruptcy. Purported copies of copies of the Note indicate a date of December 10th. Plaintiff objects to and refutes Defendants' statement that "by signing the note, Plaintiff agreed that, "I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payment under this Note is called the "Note Holder."" (P&A p.3:4-8) Just because Defendants or the purported Note says so, does not make it true. Defendants' statements that Plaintiff signed the note; and, that "Plaintiff agreed" as stated by Defendants, are facts not in evidence and claimed absent personal knowledge.

The purported Note states that the "Lender" is AMERICA'S WHOLESALE LENDER ("AWL"). Defendants claim AWL was a "registered fictional business name of Countrywide Home Loans" ("CWHL") (see, P&A p.2 footnote 1). The DOT (see, complaint Exhibit 8) states ""**Lender**" is AMERICA'S WHOLESALE LENDER" (emphasis in original) "**Lender is a CORPORATION organized and existing under the laws of NEW YORK**" (emphasis added). Therefore,

-2-

1  Defendants' statement that AWL is a "fictional business name of CWHL is irrelevant and only serves
2  to mislead this honorable Court, as Plaintiff contends, is Defendants' attorney(s) claims to represent
3  AWL (see, Complaint Exhibit 3) .

4  Plaintiff objects to Defendants' statement (P&A p.3:7-8) "Plaintiff was given the opportunity
5  to review the note and signed it of her own accord."  This statement is not made on personal
6  knowledge and cannot be taken as true.  Absent a declaration or affidavit attesting to personal
7  knowledge, these conclusory statements must be ignored.  What ¶ 13 of Plaintiff's Complaint actually
8  stated was:  the "Note" was "included within a large stack of other closing documents for COX to
9  sign."  There are no facts in evidence that "Plaintiff was given an opportunity to review the note and
10 sign of her own accord."  Defendants' statement is false, misleading and conclusory (see, Defendants'
11 Motion p.3:7-8 and the similar statement in P&A p.3:11).

12 Defendants continue to make inaccurate and untrue allegations falsely stating that the DOT
13 "specifically grants MERS, as nominee for lender and its successor and assigns, the right to foreclose
14 and sell the Property."  There is NO place in the DOT that grants MERS the right to foreclose and sell
15 the Property.  In fact, the first paragraph of page 14 of the purported DOT specifically states that the
16 **Lender** must invoke the power of sale through the **Trustee**.  Defendants falsely state that MERS
17 executed a Substitution of Trustee and Assignment of Deed of Trust ("SOTADOT") as "Nominee for
18 America's Wholesale Lender, when said document only purports that MERS was the "Beneficiary of
19 that certain Deed of Trust dated 12/10/2004".  There was no authority for MERS "as nominee for
20 lender and its successor and assigns" to execute or record said document.  Only "**Lender, at its
21 option, may from time to time appoint a successor trustee**..." " **by an instrument executed and
22 acknowledged by Lender**; and "**This procedure for substitution of trustee shall govern to the
23 exclusion of all other provisions for substitution**" (see, Exhibit 8 ¶ 24).  Defendants continue to
24 make false statements including that the aforementioned document "also assigned the Deed of Trust
25 to defendant The bank of New York Mellon".  A deed of trust cannot be assigned by itself without
26 splitting the Note from the Deed of Trust.  "[T]he note and mortgage are *inseparable*…, the
27 assignment of the note carries the mortgage with it, while an assignment of the latter alone is a
28 nullity." *Carpenter v. Longan*, 83 U.S. 271, 274, (1872).  There is no evidence of any such
29 assignment by proper and authorized indorsement of the Note therefore making the Note and Deed of
30 Trust a legally nullity and the debt unsecured. *Id* .  Further false statements are made by Defendants
31 which include, but are not limited to:  the date of recording the SOTADOT which was December 7,

-3-

2009 not November 24, 2009; that "Plaintiff defaulted on her loan obligation" which Plaintiff refutes, objects to and facts not in evidence; Defendants state that there was a Notice of Default ("NOD") which contained the Cal.Civ.Code § 2923.5 Declaration, while failing to disclose that Plaintiff recorded a Declaration refuting Defendant's Declaration. The NOD was recorded by Defendant RECONTRUST Company, N.A. ("RECON") which was prior to RECON having any purported authority to do so, in violation of Cal. Civ. Code § 2934a.(a)(4). RECON was not purportedly substituted by MERS as the foreclosing trustee until **after** RECON recorded the NOD which means that even if MERS had the authority to substitute, which Plaintiff contends it did not, RECON had no timely authority to issue the NOD and therefore all following actions and documents were invalid including the Notice of Trustee Sale (see, Plaintiff's Complaint Exhibit 11.)

**In re Defendants' II.B. the Chapter 7 bankruptcy**

Defendants state that Plaintiff's basis of her Motion to Compel Trustee Abandon the Property ("Motion for Abandonment") was that "the Chapter 7 trustee had filed a no asset report." Defendants' statement is false and misleading. The report Defendants refer to, was actually a "Chapter 7 Trustee's "Report of No Distribution" who further certifies that the bankruptcy estate "has been fully administered" (see 11 U.S.C. § 554(d) stating property remains property of the estate **if not administered**). Other reasons are specified in Plaintiff's Motion to Compel Trustee Abandon and Plaintiff's Complaint. Defendants' further claim Plaintiff's Motion for Trustee to Abandon needed to comply with B.L.R. 9014-1 which is untrue, except perhaps for 9014-1(b)(3) which provides that unless otherwise ordered, a party in interest may initiate a request for relief, without setting a hearing. Further, abandonment occurs without the need for a hearing or court intervention when there is no objection and defendants have been given notice:

> **Property may be "administratively abandoned" under *11 USC § 554* in certain circumstances; although § 554(a) contains reference to abandonment after notice and hearing, if notice requirement is met, abandonment can occur without judicial involvement.** *In re Killebrew* **(1989, CA5 Miss) 888 F2d 1516, 19 BCD 1765, CCH Bankr L Rptr P 73188.**

### III. ARGUMENT

**In re Defendants' III. Plaintiff's alleged lack of standing and Court's lack of jurisdiction**

Defendants make very odd claims that somehow Plaintiff's Complaint should be dismissed with prejudice because Plaintiff "**will** either lack standing to bring this case or this court **will** lack jurisdiction to hear it." The facts are, Plaintiff has already brought her Complaint and the Court has

-4-

jurisdiction to hear it. Defendants allege incorrectly that the Property (and the lawsuit) are part of the bankruptcy estate. The Property is deemed abandoned. Because Plaintiff's Bankruptcy was filed on November 17, 2010 (not November 12, 2010 as stated by Defendants) and her Adversary Complaint was filed on April 12, 2011 some two months after Plaintiffs schedules were filed, Plaintiff's action could not have been included in her schedules. Further, Plaintiff's Action was filed after the Trustee's 03/11/2011 Report of No Distribution; certification that the estate has been fully administered, and the passing of all related timelines except for closing the case and discharging Plaintiff's debts.

**In re Defendants' III.A. Defendants allege Plaintiff lacks standing**

Defendants' cite of Section 554(d) is misplaced. Pursuant to the Ch. 7 Trustee's Report of No Distribution, the Trustee certifies that the estate HAS been fully administered. Defendants raise *In re Lopez*, 283 BRF 22, 28 (9th Cir. BAP 2002) which among other distinguishing characteristics, *Lopez* was related to "property neither abandoned nor administered" and the reopening of a case already closed; whereas in Plaintiff's case, the Trustee has, by failing to object to the abandonment of the Property and notice being properly given to Defendants and listed Creditors; a) the Property is deemed abandoned, and b) pursuant to his Report of No Distribution, the Trustee has already certified the estate is fully administered. Therefore, Defendants' argument fails.

Defendants' relying on *In re Pace*, 146 B.R. 562, 564 (B.A.P. 9th Cir. 1992) also fails because *Pace* related to a malpractice claim against the debtor's former attorneys in a Chapter 11 bankruptcy which <u>was not administered</u> as a Chapter 7; related to property which <u>was not abandoned</u>; there was <u>no notice</u>, hearing, or order of the court directing abandonment. Plaintiff's Action as mentioned above is not the property of the estate because Plaintiff's Complaint was filed after administration of the estate by the Trustee; there in fact WAS notice of the abandonment; a <u>court order was issued</u>, <u>no hearing was required</u> and Plaintiff's Property is considered abandoned.

**In re Defendants' III.B. Defendants' allege the Court lacks subject matter jurisdiction**

The Court's jurisdiction is adequately addressed in Plaintiff's Complaint ¶¶ 1-4 which need not be reiterated here. Defendant's argument is frivolous and without any basis in fact. Defendants raise *In re Casamont Investors, Ltd.*, 196 B.R. 517, 521 (9th Cir. BAP 1996) which unlike Plaintiff's case, relates to the rights of two non-debtors in a dismissed Chapter 11 bankruptcy case. There is nothing in *Casamont* that supports Defendants' argument. Defendants cite *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1081 (9th Cir. 2000)(quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90,97 (5th Cir. 1987); *In re Diversified Contract Servs., Inc.*, 167 B.R. 591, 595 (Bankr. N.D.

–5–

Cal. 1994)(citing *Fietz v. Great Western Savings (In Fietz)*[sic], 852 F.2d 455, 457 (9th Cir. 1988); and, *In re Torres*, 367 B.R. 478, 481 (Bankr. S.D.N.Y. 2007). All of these cases are irrelevant to Plaintiff's case as quoted by Defendants because Defendants rely on these citations which relate to cases that *do not* arise under Title 11. Plaintiff's case DOES arise under Title 11.

Defendants state "[t]his Court has no jurisdiction in this matter, which is nonsense. Defendants further state "All of these claims" (what claims?) " are classic non-core claims which relate to the pre-petition sale of the Property." There was no "pre-petition" sale of the Property nor does Defendant's footnote to this sentence make any sense. Defendants continue with suppositions and hypothetical statements what the Trustee (what Trustee?) might or might not do related to "presumably" revoking "that report" (what report?) further stating "[w]ere Plaintiff to succeed in having defendants' loan[1] determined to be entirely unsecured, Plaintiff can cite no authority that would allow her to do so." Plaintiff's alleged Note (not "loan") has already been deemed unsecured by the notice given of the motion to abandon the property; lack of opposition to the unsecured status of the purported debt within the statutory time limits; and, by the amount of the purported loan being included in the claims scheduled to be discharged pursuant to the Ch 7 Trustee's Report of No Distribution and the certification of the bankruptcy estate being fully administered.

Defendants state that the Court would "simply" rule that "some other party was the lienholder on the Property" is conclusory, self-serving and improperly presumptive at best.

Defendants continue to ignore, stating that the abandonment of the Property is the only factor related to the "administration of the estate" and further falsely state that Plaintiff's claims (what claims?) are "all non-bankruptcy claims that relate to pre-petition actions against real property that have no effect on the bankruptcy estate" which falsely purports that the Court lacks subject-matter jurisdiction.

**In re Defendants' III.C. Defendants' allege venue is improper**

Defendants incorrectly state "A Chapter 7 proceeding is simply not the correct venue to bring these claims." First, "[a] Chapter 7 proceeding" is NOT a venue. Second, venue was adequately addressed in Page 2 of Plaintiff's Complaint with adequate citations related thereto. Contrary to the Defendants' statements, F.R.B.P. 7001 (2) adequately governs the Court's ability to determine

---

[1] Plaintiff objects to and refutes Defendants' claim that there is any "defendant's loan" (whatever that means). No Defendant loaned Plaintiff anything and therefore no Defendant is a creditor.

– 6 –

the secured status of the alleged lien on the Property (not the "secured status of the Property" as falsely stated in Defendants' P&As). Title 11 provides ample authority, jurisdiction and the venue relates to where Plaintiff's Bankruptcy was filed and for the Court to hear Plaintiff's Complaint.

**In re Defendants' IV. Defendants contend the Court should abstain**

Defendants claim the Court should abstain "from hearing this matter" which Plaintiff assumes to mean, Plaintiff's Complaint. As Plaintiff's real Property was property of the estate at the time Plaintiff Filed her Ch 7 Bankruptcy any action related thereto is and was properly brought in Bankruptcy Court as an Adversary Proceeding (see, F.R.B.P. 7001 et seq.)

Defendants now claim that a bankruptcy court should abstain "...from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11" where previously Defendants' claimed the Court lacked subject matter jurisdiction and Plaintiff lacked standing to bring her action because somehow her case DID NOT arise under Title 11 (see, Motion p.2:15-18 and P&A p.5:18 et seq).

Defendants continue to cite a list of factors "to guide a court in determining if abstention is appropriate." Plaintiff objects to and opposes Defendants' reliance on said "factors" each of which fails pursuant to Plaintiff's individual responses by number as follows: (see, P&A p.8:3-11):

"(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention," **A court has not recommended abstention;** "(2) the extent to which state law issues predominate over bankruptcy issues," **Bankruptcy issues predominate over state laws;** "(3) the difficulty or unsettled nature of the applicable law," **the applicable laws are neither difficult or unsettled;** "(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court," **There is no state court or other nonbankruptcy court proceeding;** "(5) the jurisdictional basis, if any other than 28 U.S.C. § 1334;" **28 U.S.C. § 1334 applies;** "(6) the degree of relatedness or remoteness Plaintiff's adversary proceeding directly relates to the main bankruptcy case," **the main bankruptcy case relates to the validity, extent, priority interest and secured status of an alleged lien and associated debt, part of Plaintiff's bankruptcy;** "(7) the substance rather than the form of an asserted "core" proceeding," **see Plaintiff's response to (6)** "(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court," **It is not feasible to sever state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court and would not be in the interest of judicial economy;** "(9) the burden of [the bankruptcy court's] docket," **this is unknown but should not be a determining factor in the Court hearing Plaintiff's Complaint;** "(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties," **Plaintiff's commencement of the proceeding in bankruptcy court does not involve forum shopping;** "(11) the existence of a right to a jury trial," **Plaintiff maintains her right to a jury trial which should not be**

**considered dispositive,** "and (12) the presence in the proceeding of nondebtor parties." **There are no nondebtor parties in the proceeding.**

Defendants' continue with hypothetical speculation regarding Plaintiff's case being; "solely state law claims based solely or largely on a common law cause of action" (which is it, "solely" or "largely?"); and/or that "issues in this matter" being "extremely remote"; that somehow Plaintiff will magically "be in possession of a house with a different, as of now unnamed and unknown, secured lender" exemplifies Defendants' continued attempts to divert, misstate facts, and mislead the court.

**28 U.S.C. § 1334(a) "Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11."**
**28 U.S.C. § 1334(e) "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction--**
   **(1) all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate;"**

The Court's abstention is not allowable, appropriate or in the interest of justice pursuant to 28 U.S.C. § 1334 as Plaintiff's Complaint is based upon her bankruptcy related claims for relief, which Defendants continually ignore. In addition, Defendants Motion was untimely pursuant to 28 U.S.C. § 1334(c)(2) and F.R.C.P. Rule 12 incorporated by Bankruptcy Rule 7012(b); and the Summons which requires that a motion filed, is governed by Bankruptcy Rule 7012.

**In re Defendants' V. Defendants claim that Plaintiff failed to state a claim upon which relief can be granted.**

   **In re Defendants' V.A. Defendants' alleged standard for motion to dismiss under F.R.C.P. 12(b)(6)**

In Defendants P&A p.9:5-p.10:25, they continue with two pages of quotes and citations and piece-meal, out of context sentences, without indicating how and why any of these citations apply to Plaintiff's Complaint or Defendants' Motion. Defendants' appear to have simply cut-and-pasted large amounts of inapplicable dogma from some other document.

In evaluating a motion to dismiss for failure to state a claim, all well-pleaded allegations must be accepted as true and will be construed in the light most favorable to plaintiff (see, *In re American Freight Systems, Inc.*, 179 B.R. 952, 956 (Bankr. D. Kan. 1995) also see, *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995)) and when considering a motion to dismiss, the court "must accept as true all the factual allegations in the complaint," (see, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts

– 8 –

in support of his claim which would entitle him to relief (see, *Williams v. Gorton*, 529 F.2d 668, 672 (9th Cir. 1976). Plaintiff is unable to otherwise respond to these frivolous, incoherent and inapplicable quotes and statements, all of which, along with Defendants' Motion, should be stricken.

**In re Defendant's V.B. Defendants allege that Plaintiff's first claim for declaratory relief fails**

**In re Defendants' V.B.1. Defendants allege that Plaintiff has failed to state a claim upon which relief can be granted**

Defendants allege without citing any applicable authority, that Plaintiff has somehow failed to allege "any known cause of action" (known by whom?) which also misleads. *Claims for relief* **are** adequately pled in Plaintiff's Complaint. Neither 28 U.S.C. § 2201 nor § 2202, support Defendants' arguments. Both sections simply state that the Court **has** the authority to **create** a remedy and for further relief for a Declaratory Judgment. §§ 2201 and 2202 relate to "...filing of an appropriate pleading." As stated herein, Defendants' untimely Motion to Dismiss is NOT a **pleading** pursuant to F.R.C.P. 7(a).

Plaintiff's claim for relief is adequately addressed in Plaintiff's Complaint. (See, Plaintiff's Complaint ¶¶ 26-28. Defendants' conclusory statement that "Plaintiff has not pled an independent cause of action" (actually claim for relief) "and thus cannot seek declaratory relief" is inaccurate, untrue and refuted by Defendants' own statements and citations and F.R.B.P. Rule 7001(10) which specifically allows adversary proceedings "to determine a declaratory judgment related to any of the foregoing..." which includes 7001(2) "to determine the validity, priority, or extent of a lien or interest in property..." Whereas the Note to Rule 7001 states: "Declaratory judgments with respect to the subject matter of the various adversary proceedings are also adversary proceedings."

Defendants misunderstand; Plaintiff's Claims are cited in her Complaint and the relief that can be granted relates to the procedural rules Defendants provide their own support for. The facts in Plaintiff's Complaint <u>are</u> the "claims" upon which relief can be granted by declaratory judgment.

Defendants claim that Rule 9014 applies, it does not. Rule 9014 is for <u>matters not governed by these rules</u>. Notes to Rule 9014 state: "Whenever there is an actual dispute, <u>other than an adversary proceeding</u>, before the bankruptcy court, the litigation to resolve that dispute is a contested matter." Plaintiff will not waste the Court's time addressing Defendants' inapplicable citations.

Defendants continue to mix and match inappropriate terminology by claiming Plaintiff's case to be a "no asset case". What this is supposed to mean in this context is not adequately and/or with

–9–

specifically explained. Assets were in fact listed appropriately in Plaintiff's schedules so Defendants' statement is simply untrue.

Defendants continue with inapplicable and unfounded accusations related to the lack of Plaintiff's objection to a non-existent proof of claim and that F.R.B.P. 2002(e) applies. F.R.B.P Rule 2002(e) relates to "Notice of no dividend" and dividends being payable from assets of the estate. This is completely inapplicable to Plaintiff's case or assets. The same holds true for F.R.B.P. 3002(c)(5) cited by Defendants.

### In re Defendants' V.B.2. Defendants allege Plaintiff has failed to allege a violation of the law.

Defendants ramble about a requirement that Plaintiff was required to allege a violation of the law or illegal activity (what law or illegal activity; what requirement?). Notwithstanding the foregoing, perhaps in Defendants' world forgery and fraudulent recording of fraudulently executed documents or any of the other deceptions listed in Plaintiff's Complaint are not "violations of the law" or considered "illegal activity" but Plaintiff begs to differ. (Also, see Plaintiff's filed Request for Judicial Notice and wrongdoings claimed by the OCC and other Federal Agencies) While Plaintiff may have not listed specific "causes of action" related to violations of law and appropriate citations; her *claims upon which relief can be granted* are clearly presented in her Complaint.

### In re Defendants' V.B.2.a. Defendants' allege the "loan" is not void because Plaintiff failed to look for Lender's business registration.

Defendants state "The Note lists the initial Lender as "America's Wholesale Lender."" There is no such "initial Lender" listed, just a "Lender". Once again, Defendants mislead with improper and inaccurate terminology. Defendants continue their misleading statements citing what supposedly a corporation must or must not file in California, while never stating any of these "requirements" were complied with by AWL, or any other Defendant. That Plaintiff has not "done relevant searches" is both false and misleading. Although the appropriate searches were done with the required due diligence (see, the Declaration of Charles Wayne Cox presented concurrently with this Opposition), whether they were done or not does not change the fact that the New York Corporation America's Wholesale Lender, listed as the Lender in both the purported Note and Deed of Trust, was never registered with the California Secretary of State to conduct business in California. Any statement made by Defendants related to "a registered fictional business name" or a "fictitious business name" is irrelevant as the "Lender" is a "Corporation organized and existing under the laws of New York.

-10-

Defendants' mischaracterization of Plaintiff hiding behind "information and belief" is disingenuousness at best considering the "information" she relies on is contained in her Complaint and exhibits which were either provided by the Defendants themselves or in the public record. The "belief" she relies on is based on *that* information (see, Plaintiff's Complaint ¶ 9. and Exhibit 3).

### In re Defendants' V.B.2.b.  Defendants' allege the "loan" is not void due to it being separated from the deed of trust.

Defendants continue failing to properly describe what the "loan" is. Assuming Defendants mean the Note, then Plaintiff gladly appreciates that Defendants have finally admitted that the "loan" (or Note) was in fact separated from the Deed of Trust notwithstanding it being void.

Contrary to Defendants' allegations and nonsensical arguments, the facts pled and exhibits and evidence provided, clearly shows breaks in the chain of title that Defendants cannot and do not refute. All Defendants have done is attempt to divert by rambling on for numerous paragraphs why they did not have to produce a copy of the original note according to RESPA, which is irrelevant to the fact that the chain of title is broken. Defendants have failed to provide even an allegation, let alone any evidence that any Defendant is a proper "note Holder" or that the Note even exists any longer. Defendants' statement in their P&A p.14:9 that Bank of America "provided a copy of the Note" is absolutely false as evidenced by Plaintiff's Complaint and associated Exhibit(s) showing the purported "note" was NOT a copy of the original note but at best, a copy of a previously existing copy (see, Plaintiff's Complaint Exhibit 22 and note title company stamp). Plaintiff rightfully requested that Defendants provide evidence they were conforming to their servicing requirements, Defendants refused.

### In re Defendants' V.B.2.c.  Defendants' allege that the "Loan" is not void due to the alleged forgeries.

Defendants' statement that Plaintiff's lack of knowing who forged her initials on the Deed of Trust is "bizarre", shows how ludicrous Defendants allegations continue to be. Defendants fail to show how and why any source of the forgeries is necessary or required.

Contrary to Defendants' false characterization in their P&A p.14:14-20 regarding what Exhibit 16 contained, Plaintiff's Complaint Exhibit 16 not only refutes the validity of Defendant BAC Home Loans Servicing's Cal.Civ.Code § 2923.5 declaration, but also refutes their authority to proceed with foreclosure action, and on Page 2 of Exhibit 16, provides constructive notice of the forgeries of Plaintiff's signature/initials on the recorded copy of the Deed of Trust, which certainly

-11-

1 DOES affect the validity of the Deed of Trust, and Defendants' requirement pursuant to
2 Cal.Comm.Code § 3308, to prove the authenticity and authority of the DOT.

3     Defendants ramble on as if the validity of an "unrecorded instrument" somehow applies to the
4 recorded and forged Deed of Trust in question and "different terms" somehow any deed of trust even
5 if so partially signed, regardless of the terms and conditions material to said document and signed for
6 or not, somehow is not fatal to the actual Deed of Trust in question. Defendants may wish to look
7 into California Penal Code §§ 470-483.5, 530.5(a) and § 115 and Cal.Comm.Code § 3307 and 3308
8 before going too far down this road...particularly in light of Defendants stating no laws were alleged
9 as in V.B.2. of their Motion to Dismiss.

**In re Defendants' V.C. Defendants' allege that Plaintiff's second claim for relief - for declaratory relief to disallow claims as secured and cancel security instrument fails**

12     Speaking of nonsense, Defendants pattern of continually misinterpreting claims for relief,
13 statutes, citations and other purported authorities continues to baffle. Plaintiff's second claim for
14 relief (not "cause of action") was *not* for "declaratory relief to disallow a claim" but to disallow all
15 Defendants' claims that any of them are legitimate secured creditors.

16     "Defects in the chain of title" were appropriately stated in Plaintiff's Complaint and
17 supporting Exhibits including the Forensic Loan Securitization and Chain of Title Report, Plaintiff's
18 Exhibit 14, or more appropriately designated as breaks in the chain of indorsements and assignments.

19     Defendants state "both the Note and the Deed of Trust were properly assigned." Nothing
20 could be further from the truth. First, Deeds are "assigned"; Notes are "indorsed" or "endorsed".
21 There is no evidence that the "Note" was ever indorsed and the only evidence of the DOT assignment
22 was fraudulently recorded. This is not "conclusion" but a fact (re P&A p.15:16-17).

23     Due to the difficulty in Plaintiff responding to incoherent, fabricated, misstated and
24 unintelligible arguments by Defendants; Plaintiff is running out of enough pages allowed by B.L.R. to
25 refute so many inaccurate and untrue statements. Accordingly, find the following untrue statements
26 made by Defendants related to the balance of Defendants' P&As with minimal comments:

27     a) Plaintiff is unable to adequately decipher what Defendants' are trying to say in P&A
28 p.15:18-21. The fraudulent C.C.C. § 2923.5 document merely prohibits any foreclosure from thence
29 forward until rectified (see, *Mabry v. Superior Court of Orange County,* 185 Cal.App.4th 208 (2010))

30     Even if RECON were the legitimate substituted foreclosing trustee, which Plaintiff denies,
31 failure of any Defendant to provide a real copy of, or the original note with proper indorsements, is

-12-

Case: 11-05106    Doc# 13-1    Filed: 05/27/11    Entered: 05/27/11 21:49:10    Page 16 of 19

what evidences that there was a broken chain of title. Defendants MERS and RECON's collaboration to substitute RECON as the foreclosing trustee , was undertaken without the requisite authority from the "Lender" AWL, who was the only one allowed by the purported DOT to substitute the foreclosing trustee (see, Plaintiff's Exhibit 8 p.14 ¶ 24 and the 1st paragraph on p.14). By their fraudulent recording of the Substitution of Trustee and Assignment of Deed of Trust ("SOTADOT" Plaintiff's Exhibit 10), title was fatally clouded notwithstanding the DOT and Note being invalid or at most, unsecured.

      b) Defendants' statement "Plaintiff alleges the loan should be found to be unsecured as the loan was not eligible for securitization under the Pooling and Servicing agreement" (Defendants' P&A p.15:22-24) is false. No such claim was ever made by Plaintiff as characterized by Defendants.

      c) Defendants' statement that there is or was a "Bank of New York Mellon trust" is false (see, P&A p.15:22-24). No such claim is true nor was made by Plaintiff as characterized by Defendants.

      d) Defendants' statement that any note was sold or purchased is false, misleading and facts not in evidence (see P&A p.16:1-2). No such claim was made by Plaintiff as characterized by Defendants.

      e) Defendants' nonspecific statement that any party has "sold the note" or "purchased it" is hypothetical, conclusory and facts not in evidence (see, P&A p.16:1-3); further, no third party beneficiary issues were raised in Plaintiff's Complaint.

**In re Defendants' V.D. Defendants' allegation that Plaintiff's third claim for relief - injunctive relief to stop foreclosure action fails**

As in C. above, Plaintiff submits the following statements made in Defendants' P&A. Each statement listed is false and unsupported by any facts, admissible evidence or applicable citations.

      a) Defendant's statement that Plaintiff's third cause of action is not a cause of action but a remedy is false. Plaintiff's third *claim for relief* spells out exactly what Plaintiff's claim is and the relief requested due to Defendants' actions.

      b) Defendants' statements in their P&A p.16:7-22 and footnote 9 are untrue. Plaintiff's claim for relief has been adequately pled. Plaintiff requested that "each Defendant must be enjoined from scheduling or conducting any such sale at any time now or in the future" (Plaintiff's Complaint p.15:26-16:2) which constitutes a permanent injunction, therefore Defendants' argument fails.

      c) Defendants statement that "rescheduling of a foreclosure sale" does not "violate the automatic stay" fails. Citations and statements made by Defendants relate to "Notices of

-13-

Postponement", not scheduling the foreclosure sale. Plaintiff's contends the "scheduling" the sale was the violation, not the notice of postponement (P&A p.16:18-22 16:1-2).

d) Defendants rightfully admit that there have been other rulings that MERS is not a true beneficiary (P&A p.17:3-6). However, Defendants' statement that "the only jurisdiction that counts" is California is untrue. This is not a California State Court Case but a Federal Bankruptcy Court case and *Gomes v. Countrywide Home Loans, Inc.* 192 Cal.App.4th 1149, (2011) is not "caselaw" for Federal Jurisdiction. Further, *Gomes* is highly distinguishable from the case at bar. Defendant's allegation that Plaintiff has made two other arguments contrary to established caselaw is untrue, incoherent, lacking specificity and conclusory.

e) Defendant's statement that "MERS actions were proper and valid"[2] (see, A&P p.17:9) is conclusory, represents facts not in evidence and untrue. Defendants further misstate and fail to support how *Gomes* applies to this Action in any way. Once again, it appears that Defendants are cutting and pasting arguments that are unrelated to this Action.

f) Defendants' statement that MERS "executed the various title documents"[2] (see, P&A p.17:10-25) is misleading, lacking adequate specificity and unintelligible.

g) Defendants statement "Plaintiff's complaint is ripe [sic] with instances of Plaintiff bring legal allegations that are contrary to the plain language of the law or binding legal precedent" (see, P&A p.17:26-28 footnote 10) is incorrect, incoherent, unintelligible and conclusory. What "legal allegations"; what "binding legal precedent"?

**In re Defendants' V.E. Defendants' allege that Plaintiff's fourth claim for relief for quiet title fails**

Defendants' first paragraph (see, P&A p.18:2-4) is so poorly written and unintelligible that it is impossible for Plaintiff to provide an adequate response. Plaintiff is asking this honorable Court to quiet title in her favor for the reasons specified in her Complaint. There has been no request for the court to "nullify the lien" on the property (see, P&A p.18:2-4) because; as stated in Plaintiff's Complaint and her response to Defendants' Motion to Dismiss and notwithstanding the amount

---

[2] 1st paragraph on p. 14 of DOT Plaintiff's Complaint Exhibit 8 states that the **Lender** (not MERS) must invoke the power of sale and execute or cause Trustee to execute a notice of default. Further, Exhibit 8 ¶ 24 states only **Lender** (again, not MERS), at its option, may appoint a successor trustee and **"This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution."** (emphasis added)

-14-

alleged to be owed on Plaintiff's Property that was properly listed as unsecured in Plaintiff's Ch. 7 schedules; said debt is included in the amount slated to be discharged pursuant to the Ch. 7 Trustee's Report of No Distribution. The facts and evidence show there is no viable or valid secured lien on Plaintiff's Property which means there is no secured "encumbrance" (see, P&A p.18:4).

Defendants' further statements (see, A&P p.5-6) argue some nonsense about Plaintiff claiming "title should be cleared due to the fact that Plaintiff has declared it her homestead exemption." Defendants' statement is unintelligible, conclusory and false as characterized.

Defendants state that there is a "missing averment of tender or even the promise of tender of the amounts Plaintiff admits that he[sic] borrowed" (see, P&A p.18:11-16)...tender or averment of tender to whom and for what? There is no Defendant to whom any tender would be owed even if there was such a requirement, which Plaintiff denies. Tender or averment of Tender is irrelevant to this Action. Contrary to Defendants' statement, Plaintiff has not admitted any "amounts" she allegedly borrowed. The citation Defendants proffer answers their own statement: "A trustor cannot "quiet title without discharging his debt."" which is at least one reason why Plaintiff's purported debt(s) were scheduled for discharge in her bankruptcy.

Contrary to yet more contrived conclusory statements, Plaintiff has not asked for relief in equity in which she has to do equity (see, P&A p.18:19-21). What Plaintiff "wants", is **to keep the Defendants from getting a windfall by taking her property, when no Defendant is a creditor having loaned Plaintiff any money, neither does any Defendant have any security tied to the Property in any valid way.**

## IV. CONCLUSION

For the reasons stated herein above and contained in Plaintiff's Opposition to Defendants' Motion and Plaintiff's Complaint and Exhibits thereto, Plaintiff respectfully requests that this honorable court dismiss and strike Defendants' Motion to Dismiss; enter a default and issue a default judgment against defendants for failure to answer Plaintiff's Complaint.

Dated: 05/26/2011            /s/ Timothy Y. Fong
                                                   Timothy Y. Fong
                                                   Attorney for Kimberly Cox