1 MARK JOSEPH KENNEY (State Bar No. 87345)
ADAM N. BARASCH (State Bar No. 158220)
2 BERNARD J. KORNBERG (State Bar No. 252006)
SEVERSON & WERSON
3 A Professional Corporation
One Embarcadero Center, Suite 2600
4 San Francisco, CA 94111
Telephone: (415) 677-5548
5 Facsimile: (415) 677-5664
Email: bjk@severson.com
6
Attorneys for Defendants
7 RECONTRUST COMPANY, N.A.;
MORTGAGE ELECTRONIC
8 REGISTRATION SYSTEMS, INC.;
THE BANK OF NEW YORK MELLON
9 FKA THE BANK OF NEW YORK AS TRUSTEE
FOR THE BENEFIT OF THE
10 CERTIFICATEHOLDERS CWMBS, INC. CHL
MORTGAGE PASS-THROUGH TRUST 2005-2
11 MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2005 2;
12 AMERICA'S WHOLESALE LENDER;
COUNTRYWIDE HOME LOANS, INC.;
13 AND BAC HOME LOANS SERVICING, LP

14              UNITED STATES BANKRUPTCY COURT

15                    NORTHERN DISTRICT

16                    SAN JOSE DIVISION

17 IN RE KIMBERLY COX,                    | Case No.: 5:10-bk-61716

18         Debtor.                         | Chapter 7

19                                         | Adversary No.: 5:11-ap-05106

20 ────────────────────────────           | **DEFENDANTS' REPLY TO
                                             PLAINTIFF'S OPPOSITION TO
21 IN RE KIMBERLY COX,                      MOTION TO DISMISS AND
                                             OPPOSITION TO PLAINTIFF'S
22         Plaintiff,                       COUNTER-MOTION TO STRIKE AND
                                             FOR ENTRY OF DEFAULT**
23         vs.

24 RECONTRUST COMPANY, N.A. ET. AL.,      | Date:    June 10, 2011
                                           Time:    2:00 P.M.
25         Defendants.                     Ctrm:    Courtroom 3070
                                           Place:   280 South First Street
26                                                  San Jose, CA

27                                         | Judge:   Hon. Charles Novack

28

# TABLE OF CONTENTS

Page

I. PLAINTIFF'S COUNTER-MOTIONS SHOULD BE DENIED AS NO
ANSWER OR OTHER RESPONSIVE PLEADING IS DUE UNTIL
THIS COURT RULES ON THE MOTION TO DISMISS .............................................. 2

II. THE PLAINTIFF LACKS STANDING TO BRING THIS MATTER
AND THE COURT LACKS JURISDICTION TO HEAR THE CASE ........................ 3

    A. Plaintiff Lacks Standing as the Property of the Estate Has Not Been
Abandoned or Administered ................................................................... 4

        1. Plaintiff cannot compel the Chapter 7 trustee to abandon the
property without an order of the Court ...................................... 4

        2. The filing of the "no asset" report by the trustee does not
cause the property to revert to Plaintiff ................................... 5

    B. This Court Lacks Subject-Matter Jurisdiction to Hear this Case ........................ 6

    C. The Case Should Be Dismissed with Prejudice ................................................... 7

III. THE COURT SHOULD ABSTAIN FROM HEARING THIS CASE AS
IT INVOLVES DETERMINATION OF STATE LAW ISSUES AND IS
AT BEST TANGENTIALLY RELATED TO THE BANKRUPTCY ............................ 7

IV. PLAINTIFF HAS FAILED TO SHOW THAT SHE HAS PLED ANY
VALID CAUSES OF ACTION ....................................................................................... 8

    A. Plaintiff Admits that She Has Failed to Adequately Plead Her First
Three Causes of Action ........................................................................... 8

    B. Plaintiff has not Shown that the Facts Pled Would Amount to
Properly Pled Cause of Action ............................................................... 9

        1. The facts pled by Plaintiff do not properly show that the
loan is void due to the initial lender not being a registered
business entity in California ...................................................... 9

        2. Plaintiff's complaint clearly shows that the Deed of Trust
and Note were not separated .................................................... 11

        3. Plaintiff's allegations of forgeries do nothing to rebut the
argument that Plaintiff owes a debt to defendants ................. 11

        4. MERS may assign the deed of trust under *Gomes v.
Countrywide Home Loans* ...................................................... 12

        5. Quiet Title remains unavailable without tender ..................... 12

V. CONCLUSION .............................................................................................................. 13

Case 10-05106    Doc# 20    Filed: 06/03/11    Entered: 06/03/11 14:51:10    Page 2 of
17
REPLY AND OPPOSITION TO COUNTER-MOTION

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Ashcroft v. Iqbal,*
129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)......................................................................9, 11

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,*
459 U.S. 519 (1983) ..............................................................................................................10

*Consumer Solutions REO, LLC v. Hillery,*
658 F.Supp.2d 1002 (N.D. Cal. 2009)....................................................................................11

*Cox Communications PCS, L.P. v. City of San Marcos,*
204 F. Supp. 2d 1272 (S.D. Cal. 2002) ....................................................................................8

*Fietz v. Great Western Savings (In Fietz),*
852 F.2d 455 (9th Cir. 1988) ....................................................................................................6

*In re Lopez,*
283 B.R. 22 (9th Cir. BAP 2002)..........................................................................................4, 6

*In re Penney,*
76 B.R. 160 (Bankr. N.D. Cal. 1987) .......................................................................................8

*In re Reed,*
940 F.2d 1317 (9th Cir. 1991) ............................................................................................5, 6

*In re Tarpley,*
4 B.R. 145 (Bankr. M.D. Tenn. 1980)......................................................................................7

*In re Torres,*
367 B.R. 478 (Bankr. S.D.N.Y. 2007) ......................................................................................6

*Lorence v. Does 1 through 50 (In re Diversified Contract Servs., Inc.),*
167 B.R. 591 (Bankr. N.D. Cal. 1994) .....................................................................................6

*Matter of Killebrew*
888 F.2d 1516 (5th Cir. 1989) ..................................................................................................4

*National Union Fire Ins. Co. v. Karp,*
108 F.3d 17 (2d Cir. 1997) .......................................................................................................8

**STATE CASES**

*Aguilar v. Bocci,*
39 Cal. App. 3d 475 (Cal. Ct. App. 1974)..............................................................................13

Case 10-05261    Doc# 20    Filed: 06/03/11    Entered: 06/03/11 14:51:11    Page 3 of 17

REPLY AND OPPOSITION TO COUNTER-MOTION

*Gomes v. Countrywide Home Loans, Inc.*
    192 Cal. App. 4th 1149, Cal. Rptr. 3d 819 (Cal. Ct. App. 2011) ..........................................12

**FEDERAL RULES & STATUTES**

Federal Rules of Bankruptcy Procedure
        Rule 5009 ...................................................................................................5, 6
        Rule 6007 ........................................................................................................4
        Rule 7001 ........................................................................................................8
        Rule 7012 ...................................................................................................2, 3
        Rule 9013 ........................................................................................................4
        Rule 9014 ........................................................................................................8

Federal Rules of Civil Procedure
        Rule 8 ...........................................................................................................8, 9
        Rule 12 ........................................................................................................2, 3
        Rule 15 ..........................................................................................................10

United States Code
    Title 11
        § 541 ..............................................................................................................4
        § 554 ..........................................................................................................5, 6
        § 1111 ............................................................................................................6
    Title 28
        § 1334 ........................................................................................................6, 7
        § 2201 ............................................................................................................8
        § 2202 ............................................................................................................8

**STATE STATUTES**

Cal. Business & Professions Code
        § 17915 ........................................................................................................10

Cal. Civil Code
        § 1217 ..........................................................................................................11
        § 2936 ..........................................................................................................11

Cal. Corporations Code
        § 2203 ..........................................................................................................10

**OTHER AUTHORITIES**

B.L.R. 7007-1 ...................................................................................................1
B.L.R. 9013-1 ...................................................................................................2

1    Pursuant to B.L.R. 7007-1, defendants Recontrust Company, N,A. ("Recontrust
2    Company"); Mortgage Electronic Registration Systems, Inc. ("MERS"); The Bank of New York
3    Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders
4    CWMBS, Inc. CHL Mortgage Pass-Through Trust 2005-2 Mortgage Pass-Through Certificates,
5    Series 2005 2 ("Bank of New York Melon"); America's Wholesale Lender[1]; Countrywide Home
6    Loans, Inc. ("Countrywide"); and BAC Home Loans Servicing, LP ("BAC Home Loans")
7    respectfully submit this reply in support of its motion to dismiss Plaintiff Kimberly Cox's
8    ("Plaintiff") complaint and to oppose Plaintiff's counter-motion to strike and counter-motion to
9    compel entry of default.
10       Plaintiff's opposition improperly incudes a counter-motion to strike defendants' motion to
11   dismiss and to enter the default of defendants.  These motions must be denied as the filing of
12   defendants' motion to dismiss extends the time period to file a responsive pleading until after a
13   ruling on the motion to dismiss.
14       Plaintiff has failed to show why this case should not be dismissed without prejudice.
15   Plaintiff is not the party in interest.  The property and the claims relating to it both remain property
16   of the bankruptcy estate.  Only the Chapter 7 trustee has standing to bring those claims.  Plaintiff's
17   argument that simply by filing a motion for abandonment, without getting an order, is enough to
18   compel abandonment is incorrect.  The case has not closed, nor was the claims scheduled.  Any
19   causes of action that could be brought remain part of the Chapter 7 bankruptcy estate and will do so
20   once the case closes.  The Court must dismiss this matter for lack of standing.
21       Even were Plaintiff to obtain an order abandoning the subject property and the claims
22   relating to them, the Court would lack subject matter jurisdiction over the case.  This is a Chapter 7
23   liquidation and the trustee has filed a no asset report.  The trustee does not intend to administer any
24   property of the estate, and thus claims relating to Plaintiff's residence cannot relate to
25   administration of the case.  Plaintiff has not rebutted these arguments, but makes the conclusory
26
27       [1]  America's Wholesale Lender is actually not a separate defendant but a registered
     fictional business name of defendant Countrywide Home Loans.  However, defendants must work
28   within the allegations of Plaintiff's complaint and thus will respond accordingly.

REPLY AND OPPOSITION TO COUNTER MOTION

argument that the Plaintiff is clearly the party in interest and thus subject-matter jurisdiction exists. This is clearly not correct.

Finally, the only way Plaintiff can bring these claims is by having the subject property and the claims abandoned from the Chapter 7 estate. If Plaintiff were to do, then the Court would clearly lack jurisdiction to administer the claims. The Court should dismiss the case with prejudice or abstain from hearing it on these grounds.

As to the merits of Plaintiff's case, Plaintiff has failed to illuminate what causes of action she has pled. Instead, she simply insists that by sprinkling facts and accusations throughout the complaint, they combine to form valid causes of action. This is false. The rules of pleading require Plaintiff to concisely and clearly state what relief is sought and the grounds for it. Her failure to do so requires dismissal of the complaint.

The Court should dismiss Plaintiff's complaint, without leave to amend.

## I. PLAINTIFF'S COUNTER-MOTIONS SHOULD BE DENIED AS NO ANSWER OR OTHER RESPONSIVE PLEADING IS DUE UNTIL THIS COURT RULES ON THE MOTION TO DISMISS

Plaintiff has included a counter-motion in her opposition to the motion to dismiss. The counter-motion requests that the Court strike the motion to dismiss and enter the default of all defendants. (Plaintiff's Objection and Opposition to Defendant's Motion to Dismiss, pg. 7, lines 1-4). This request is grossly improper. All defendants are party to the motion to dismiss that was timely served and filed before the thirty-day period prescribed by Fed.R.Bankr.P. 7012(a) expired. Plaintiff has the mistaken belief that the time period to file a responsive pleading is not extended by the filing of a motion under Fed.R.Civ.P. 12.[2] Plaintiff is incorrect as to this basic element of civil procedure and the motions must be denied.

First, the counter-motion should be denied as procedurally improper. The counter-motion should have been filed separately from the opposition to the motion to dismiss. B.L.R. 9013-1 (as incorporated by B.L.R. 7007-1(f)). The counter-motion is buried in the opposition and is absent

_____

[2] Unless specifically noted otherwise, all references to the Federal Rules of Civil Procedure are by incorporation by the Federal Rules of Bankruptcy Procedure.

from the memorandum of points and authorities. However, as the relief sought is clearly not available to Plaintiff, defendants will respond on the merits.

Pursuant to Fed.R.Bankr.P. 7012(a), a motion under Fed.R.Civ.P. 12(b) alters the time in which a responsive pleading is to be filed. Fed.R.Bankr.P. Rule 7012(a) states:

> "Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
>
> (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action."

The Court should deny both the motion to strike and the motion for entry of default as defendant's deadline to file a responsive pleading has not passed. Following the service of the Summons and Complaint on April 13, 2011, defendants filed this motion to dismiss pursuant to F.R.Civ.P. 12(b) on May 13, 2011 seeking dismissal based on Plaintiff's lack of standing, a lack of subject matter jurisdiction, for abstention, and for failure to state a claim upon which relief may be granted. Since the Court has yet to rule on this motion, entry of default is inappropriate as the time period to file a responsive pleading has not expired. In addition, as Plaintiff has noted many times, a motion to dismiss is not a pleading. As such, a motion to strike is not available to plaintiff. Fed.R.Civ.P. 12(f) ("the court may strike from a *pleading*") (emphasis added).

The Court should deny the counter-motion as it is both unsupported by law and frivolous.

## II. THE PLAINTIFF LACKS STANDING TO BRING THIS MATTER AND THE COURT LACKS JURISDICTION TO HEAR THE CASE

The motion to dismiss argues that the Court should dismiss this case as the claims are part of the bankruptcy estate and thus Plaintiff lacks standing to bring them. The motion further argues for dismissal with prejudice as if Plaintiff succeeds in getting an order for abandonment of the real property, then by definition the property will not relate to administration of the bankruptcy estate and this Court will lack subject-matter jurisdiction to hear this matter. Plaintiff, again showing absolutely no regard for established bankruptcy law and precedent, argues to the contrary. This is incorrect and the Court should dismiss this action with prejudice.

REPLY AND OPPOSITION TO COUNTER-MOTION

**A. Plaintiff Lacks Standing as the Property of the Estate Has Not Been Abandoned or Administered**

Plaintiff filed for Chapter 7 bankruptcy. Upon filing for Chapter 7 bankruptcy, the Property and any legal claims became property of the bankruptcy estate. 11 U.S.C. § 541(a). If the claims are property of the estate, only the Chapter 7 trustee has standing to bring those claims. *In re Lopez*, 283 B.R. 22, 28 (9th Cir. BAP 2002).

Plaintiff seems to accept this proposition, but argues that the claims have reverted back to the debtor as they have been abandoned or administered, either because Plaintiff filed a motion to abandon the property on which no order has been issued, or because the Chapter 7 trustee filed a no asset report declaring the estate had been fully administered. Neither is a correct proposition, and Plaintiff continues to lack standing to bring this case.

**1. Plaintiff cannot compel the Chapter 7 trustee to abandon the property without an order of the Court**

Plaintiff argues that the property of the estate was abandoned as no one objected to the motion to compel the trustee to abandon property of the estate. (Plaintiff's Memorandum of Points and Authorities, pg. 4, lines 18-26) ("Plaintiff's MPA"). This is incorrect as a Court order is required for a third-party to compel the trustee to abandon estate property.

Plaintiff cites the case *Matter of Killebrew* for the proposition that no order of the Court is needed. 888 F.2d 1516 (5th Cir. 1989). In *Killebrew*, the debtor argued that the trustee had evidenced intent at a hearing to abandon the subject property and thus it was abandoned back to the debtor. Id. at 1521. The Court agreed that a chapter 7 trustee could abandon property solely on the basis issuing a notice of intent to abandon if no objection was issued pursuant to Fed.R.Bankr.P. 6007(a), but that it did not occur simply when the trustee told the debtor he intended to abandon the property. Id. at 1521-22, 1522 n. 16.

This case is easily distinguishable - Plaintiff is not the Chapter 7 trustee. Fed.R.Bankr.P. 6007(a) allows a trustee to abandon property of the estate upon notice and hearing without any further order of a court. However, if any other party in interest seeks to do so, they must do so by motion. Fed.R.Bankr.P. 6007(b). A motion is a request for an order of the court. Fed.R.Bankr.P.

REPLY AND OPPOSITION TO COURT'S MOTION

1   9013. Plaintiff, failing to give the correct amount of notice, did not receive an order of this Court,

2   and thus the property is not abandoned.[3]

### 2. The filing of the "no asset" report by the trustee does not cause the property to revert to Plaintiff

5   Plaintiff additionally argues that the trustee's filing of a "Report of No Distribution" which

6   states that the bankruptcy estate has been fully administered results in the property reverting back to

7   the Plaintiff. (Plaintiff's MPA, pg. 5, lines 9-23). Plaintiff states that the filing of this report makes

8   the property "deemed abandoned." (Plaintiff's MPA, pg. 19, lines 1-7). It is black letter law in this

9   Circuit that the filing of the no asset report does not constitute abandonment of the property. *In re*

10  *Reed*, 940 F.2d 1317, 1321 (9th Cir. 1991). Furthermore, as Plaintiff did not schedule this claim,

11  even if the case closes the property would not be abandoned by operation of law. 11 U.S.C.

12  § 554(c).

13  Plaintiff also makes a fair amount of the fact that the trustee certified that he administered

14  the bankruptcy estate and argues that this caused all the property of the estate to revert back to the

15  Plaintiff. (Plaintiff's MPA, pg.5, lines 9-23). This proposition is incorrect as a brief review of the

16  Bankruptcy Code will show.

17  It is true that property that is administered is no longer property of the estate. 11 U.S.C.

18  § 554(d). However, no administration of Property or the Plaintiff's claims occurred and they

19  remain property of the estate. Plaintiff's argument that administration of the estate equates to

20  administration of all the property of the estate cannot stand as it leads to an absurd conclusion. A

21  trustee must certify that the estate is "fully administered" before the case can close.

22  Fed.R.Bankr.P. 5009. However, the code clearly states that property of the estate that is not

23  scheduled remains property of the estate upon the closing of the case. 11 U.S.C. § 554(c). If a

24  trustee must certify that the estate is fully administered to close the case, but the trustees doing so

25  means that the property was administered within the meaning section 554(d) and thus no longer

---

27  [3] Plaintiff makes the argument that by filing an order without the Court's signature, an
    effective order has been issued. (Plaintiff's MPA, pg. 1, lines 29-31). This is, quite obviously,
28  not the case.

REPLY AND OPPOSITION TO COURT'S MOTION

property of the estate, then it would be impossible for anything to remain property of the estate upon the closing of a bankruptcy case. This would render section 554(c) a nullity. Furthermore, it is impossible to square this conclusion with the holding in *Reed* and *Lopez*, as a certification under Fed.R.Bankr.P. 5009 was issued in both cases, but each court found that the property remained part of the bankruptcy estate. *Reed*, 940 F.2d at 1320); *Lopez*, 283 B.R. at 24.

Plaintiff lacks standing to bring this suit, and the case must be dismissed.

### B. This Court Lacks Subject-Matter Jurisdiction to Hear this Case

Defendants, in the motion to dismiss, argue that the Court lacks subject-matter jurisdiction to hear this matter as the claims brought could have been brought in a non-bankruptcy court and do not relate to administration of the bankruptcy estate. 28 U.S.C. § 1334(b); *In re Torres*, 367 B.R. 478, 481 (Bankr. S.D.N.Y. 2007).

Plaintiff has brought four causes of action: (1) Declaratory Relief to Determine the Validity, Extent, Interest, and Secured Status of Alleged Lien and Associated Debt; (2) Declaratory Relief to Disallow Claims as Secured and Cancel Security Instrument Fails; (3) Injunctive Relief to Stop Foreclosure Action; and (4) Quiet Title. The first two causes of action could be construed as objections to claims, which would arise under title 11, except no claims have been filed. As such, they are only requests for declaratory relief as to the validity of the loan, a claim that hardly could only be brought in bankruptcy court. The third and fourth causes of action, for injunctive relief and quiet title also could be brought in state or Federal district court. As such, none of the claims arise in or under title 11. *Lorence v. Does 1 through 50 (In re Diversified Contract Servs., Inc.)*, 167 B.R. 591, 595 (Bankr. N.D. Cal. 1994) (citing *Fietz v. Great Western Savings (In Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988)).

Plaintiff's rebuttal to this argument appears to be that by scheduling the loan as entirely unsecured, a claim arose that may now be objected to by Plaintiff. (Plaintiff's MPA, pg. 6, lines 12-16). Plaintiff can cite to no part of the Code or to any caselaw to support this proposition. In a Chapter 11 case, a claim which is scheduled is deemed filed. 11 U.S.C. § 1111(a). No similar provisions exist in Chapter 7. As such, the improper scheduling of defendants' obligation by

REPLY AND OPPOSITION TO COUNTER MOTION

1  Plaintiff does not magically grant Plaintiff standing to have the Court determine the validity of the

2  claim.

3      Plaintiff's claims do not relate to the administration of the bankruptcy estate either, as the

4  trustee has already filed a no asset report and disclaimed interest in administering the property of

5  the estate. Simply put, the outcome of this proceeding will have no effect on the bankruptcy

6  estate.

7      Accordingly, the Court should dismiss this case for lack of subject matter jurisdiction.

8      **C.    The Case Should Be Dismissed with Prejudice**

9      Defendants have argued that this matter should be dismissed with prejudice if the Court

10  dismisses it for lack of standing. In order for Plaintiff to have standing to bring these claims, the

11  Property must be abandoned back to the bankruptcy estate. Even if the Court currently has subject-

12  matter jurisdiction over these claims, if the Property is abandoned then the Court will lose

13  jurisdiction. *See In re Tarpley*, 4 B.R. 145, 147 (Bankr. M.D. Tenn. 1980) ("the bankruptcy court

14  has no jurisdiction over abandoned property in the hands of the bankrupt. The court cannot exercise

15  jurisdiction over disputes which involve neither the trustee nor property in actual or constructive

16  possession of the bankruptcy court").

17      The Court should dismiss this case with prejudice. It simply has no place in bankruptcy

18  court.

19      **III.    THE COURT SHOULD ABSTAIN FROM HEARING THIS CASE AS IT
          INVOLVES DETERMINATION OF STATE LAW ISSUES AND IS AT
20          BEST TANGENTIALLY RELATED TO THE BANKRUPTCY**

21      Defendants argue that the Court should abstain from hearing this case under 28 U.S.C. 28

22  U.S.C. § 1334(c)(1). Plaintiff argues that the request is based on, "hypothetical speculation

23  regarding Plaintiff's case being; 'solely state law claims based solely or largely on a common law

24  cause of action.'" (Plaintiff's MPA, pg. 8, lines 3-5). While apparently both Plaintiff and

25  defendants are in agreement that Plaintiff has failed to articulate the basis for her claims in any

26  coherent manner, this is not a defense. Plaintiff has brought four claims, two for declaratory relief,

27  one for injunctive relief, and one for quiet title. Of these claims, the first three are available in both

28  federal and state court, but in both courts these are not causes of action but remedies. The sole valid

1 cause of action, for quiet title, is solely a claim arising under state law.  As this is a Chapter 7

2 liquidation, there can be no reason for this Court to hear a case which pleads a sole state law claim

3 that has no effect on the bankruptcy estate.  Abstention is appropriate here on this basis.

### IV.     PLAINTIFF HAS FAILED TO SHOW THAT SHE HAS PLED ANY VALID CAUSES OF ACTION

6 The Court should dismiss each of Plaintiff's claims as Plaintiff has failed to rebut

7 defendant's arguments but simply reiterates the same incorrect arguments.

#### A.     Plaintiff Admits that She Has Failed to Adequately Plead Her First Three Causes of Action

10 Plaintiff has failed to plead a valid cause of action for her first three claims.

11 Plaintiff's first two "claims for relief" are for declaratory relief.  Plaintiff's third "claim

12 for relief" is for injunctive relief.  Neither of these are valid causes of action, these are remedies.

13 *See* 28 U.S.C. §§ 2201, 2202; *see also National Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 21 (2d

14 Cir. 1997) (declaratory relief is not a cause of action but a remedy);  *Cox Communications PCS,*

15 *L.P. v. City of San Marcos*, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002) (injunctive relief is not a

16 cause of action, but a remedy).  Plaintiff also cannot rely on Fed.R.Bankr.P. 7001 to provide a

17 claim, as this rule simply specifies what claims should be brought as an adversary preceding

18 instead of as a contested motion under Rule 9014.  It is not a cause of action in itself.  *In re*

19 *Penney, 76 B.R. 160, 161* (Bankr. N.D. Cal. 1987).  Finally, Plaintiff continues to argue that the

20 complaint pleads a valid cause of action by objecting to defendants' claim. (Plaintiff's MPA, pg.

21 12, lines 15).   As has been explained in Section II.B. of this reply and in the motion to dismiss,

22 there is no filed claim, and thus there can be no objection to a non-existent claim.

23 Plaintiff also argues that valid claims have been pled because she plead facts throughout

24 the complaint which may amount to the basis of a valid cause of action.  This is a ridiculous

25 proposition unsupported by the very clear language of the Federal Rules.  The rule for pleading a

26 cause of action is very clear.  "A pleading that states a claim for relief must contain… a short and

27 plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8.

28

Case 11-05106    Doc# 20    Filed: 06/03/11    Entered: 06/03/11 14:51:14    Page 12 of 17

1     Plaintiff straight forwardly admits that she has not complied with this rule. Plaintiff, in

2   defending her failure to plead a known cause of action, states that "[t]he facts in Plaintiff's

3   Complaint are the 'claims' upon which relief can be granted by declaratory judgment." (Plaintiff's

4   MPA, pg. 9, lines 24-25). Plaintiff further admits that, "[w]hile Plaintiff may have not listed

5   specific 'causes of action' related to violations of law and appropriate citations; her *claims upon*

6   *which relief can be granted* are clearly presented in her Complaint." (Plaintiff's MPA, pg. 10, lines

7   15-17) (emphasis in original).

8     This does not comply with Rule 8's requirement of a "short and plain statement of the

9   claim showing that the pleader is entitled to relief." *See also Ashcroft v. Iqbal,* 129 S. Ct. 1937,

10  1949, 173 L. Ed. 2d 868 (2009) (while Rule 8(a) does not require detailed factual allegations, "it

11  demands more than an unadorned, the defendant unlawfully- harmed-me accusation"). Plaintiff,

12  if she is to bring a cause of action, must state what cause of action is to be brought and what facts

13  support it. Plaintiff seems to expect defendants to sift through the factual allegations buried

14  throughout the complaint and then determine what possible violations of the law might arise out

15  of those actions. This is not proper and Plaintiff's first, second, and third cause of action must be

16  dismissed on these grounds.

17    **B.    Plaintiff has not Shown that the Facts Pled Would Amount to Properly Pled
          Cause of Action**
18

19    In the motion to dismiss, defendants attempted to determine from the complaint what

20  claims or violations of the law Plaintiff was seeking to allege, despite the failure of Plaintiff to

21  properly plead these complaints. Defendants will address the substantial arguments made by

22  Plaintiff in the opposition.

23        **1.    The facts pled by Plaintiff do not properly show that the loan is void
              due to the initial lender not being a registered business entity in
              California**
24

25    In the complaint, Plaintiff stated that the loan was void because they the initial lender,

26  America's Wholesale Lender, did not appear as a registered corporate entity entitled to do

27  business in California. (Compl., ¶¶ 9,28). This allegation, by itself, does not show any ground

28  for voiding the loan. First, America's Wholesale Lender could (and in fact, is), a DBA of

-9-

REPLY AND OPPOSITION TO COUNTER MOTION

Countrywide.  If it is, that designation would be registered with a county registrar, not the Secretary of State.  Cal. Bus. & Prof. Code § 17915.  Second, Plaintiff has alleged that America's Wholesale Lender is actually a New York Corporation that is not registered to do business in California.  The penalty for failure of a foreign corporation to register in California is that it consents to personal jurisdiction in California and that it may not bring suit in California.[4]  Cal. Corp. Code § 2203.   America's Wholesale Lender is not contesting personal jurisdiction and is not bringing suit.  As such, Plaintiff has failed to allege why a failure to register in California would affect Plaintiff's loan or this lawsuit.  *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged").

Plaintiff, in rebuttal, argues that defendants needed to state how America's Wholesale Lender has in fact complied with the law regarding corporate registration.  (Plaintiff's MPA, pg. 10, lines 22-24).   This is incorrect – it is Plaintiff's duty to plead the facts that form the basis of the cause of action.

Plaintiff also argues that the declaration she has attached to the motion to dismiss shows that the relevant search was done.  (Plaintiff's MPA, pg. 10, lines 25-29).  This is irrelevant, however, as Plaintiff may not add new facts to her complaint via a declaration.  The motion itself relates entirely to the complaint, and if Plaintiff wishes to revise or amend these allegations, she must do so through an amended complaint.  Fed.R.Civ.P. 15(a).  This Court must properly ignore the attached declaration and any arguments made by Plaintiff in her opposition that derive from the declaration and not the complaint itself.[5]

Plaintiff has failed to show facts that demonstrate the loan is void due to the lender not being registered to do business in California.  Even were this part of a valid claim, it must fail.

---

[4]  A monetary penalty may also be assessed.

[5] Even if the Court were to consider this declaration, it does not show that a proper search was conducted that would prove that America's Wholesale Lender was not properly registered to do business in California as a fictional name of a registered entity.

**2.      Plaintiff's complaint clearly shows that the Deed of Trust and Note were not separated**

The facts pled by Plaintiff do not show a broken chain of title. Pursuant to Plaintiff's RESPA request, a letter was sent to Plaintiff stating that the Note was assigned to Bank of New York Mellon. (Compl., ¶17; Compl. Ex. 17). The Deed of Trust was assigned to Bank of New York Mellon. (Compl., Ex. 10). As it stands, the Note and Deed of Trust are properly both held by the same party. *See* Cal. Civ. Code § 2936.

Plaintiff's sole argument that a break in the chain of title exists is that "[d]efendants' statement in their P&A p.14:9 that Bank of America 'provided a copy of the Note' is absolutely false as evidenced by Plaintiff's Complaint and associated Exhibit(s) showing the purported 'note' was NOT a copy of the original note but at best, a copy of a previously existing copy.'"[6] (Plaintiff's MPA, pg. 11, lines 16-19). Plaintiff's argument that the Note has disappeared because a copy of a copy was sent to her is lacking in plausibility. Furthermore, the disappearance of the Note, by itself, would not extinguish the obligation. A Plaintiff must plead facts that lead to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. The facts Plaintiff has pled overwhelming indicate the Note is held by the current assignee of the Deed of Trust. Plaintiff has not met her burden of pleading a plausible claim.

**3.      Plaintiff's allegations of forgeries do nothing to rebut the argument that Plaintiff owes a debt to defendants**

Plaintiff admits to being presented with the Deed of Trust and Note and signing them. (Compl., ¶13). Plaintiff does not plead that the signature on the Note is forged. Plaintiff does plead that the signatures on the *recorded* Deed of Trust are forged, but only on pages 2-15. (Compl., ¶25). Even if a forgery occurred as to the *recorded Deed of Trust*, the Deed of Trust that Plaintiff freely entered into is valid between the parties as an unrecorded instrument. Cal.

---

[6] As stated in the motion to dismiss, the fact that Plaintiff's requested an original copy in their RESPA request does not lead to an inference because a "copy of a copy" was sent. Defendants were not required to respond to a RESPA request relating to ownership of the loan. See *Consumer Solutions REO, LLC v. Hillery*, 658 F.Supp.2d 1002, 1014 (N.D. Cal. 2009). They provided what documents they chose to provide, and the documents provided clearly indicate the Note is held by Bank of New York Mellon.

Civ. Code § 1217. While Plaintiff's factual allegations, no matter how inane, must be taken as true, Plaintiff has provided no evidence the Note is not secured by a valid Deed of Trust.

Plaintiff, if there was actually a forgery, should plead facts that would defendants on proper notice of the claims against them. Right now, the complaint is bare as to what terms differ in the Deed of Trust that was *recorded* and what Plaintiff signed. If the terms are identical, then the purported forgery is irrelevant in the context of this lawsuit. If they differ, then Plaintiff must plead how they differ so that defendants are on notice of how to defend themselves.

Plaintiff has not pled sufficient facts to put the Deed of Trust in question, even were some sort of cause of action were being pled. The Court should disregard these accusations.

### 4. MERS may assign the deed of trust under *Gomes v. Countrywide Home Loans*

Plaintiff argues that the Court should ignore *Gomes v. Countrywide Home Loans, Inc.*'s holding that MERS may act as a nominee of a Lender under a Deed of Trust. 192 Cal. App. 4th 1149, Cal. Rptr. 3d 819 (Cal. Ct. App. 2011). Plaintiff only presents two arguments. First that *Gomes* is a state court case and this is not "'caselaw.'" (Plaintiff's MPA, pg. 15, lines 5-6). This argument fails as the ability of MERS to act as a nominee is a state law question and thus cases decided in California state court remain compelling.

Second, Plaintiff claims that *Gomes* fails to support the contention that MERS may act as the nominee of a Lender under a Deed of Trust. (Plaintiff's MPA, pg. 15, lines 11-12). Plaintiff does not explain how the case is distinguishable, most likely because Plaintiff cannot. *Gomes'* holding that "by entering into the deed of trust, Gomes agreed that MERS had the authority to initiate a foreclosure" is clear. *Id at.* 1149, Cal. Rptr. 3d at 827. Plaintiff's argument that MERS lacked the authority to act fails.

### 5. Quiet Title remains unavailable without tender

Plaintiff argues, without citation, that Plaintiff's claim for quiet title is proper and that the Court should invalidate the Deed of Trust without Plaintiff tendering the amount owed. This is not a correct statement of California law. Plaintiff has admitted to taking out a loan and securing it with a Deed of Trust. A party may not remove an encumbrance without tendering the amount

of debt in full. *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (Cal. Ct. App. 1974) (citation omitted). Even if, as Plaintiff contends, some other party is the assignee of the Note and Deed of Trust, it would not do equity to extinguish the lien without the debt being paid in full. Plaintiff's claim of quiet title fails.

## V. CONCLUSION

Plaintiff has failed to contradict the well made arguments in defendants' motion to dismiss. Instead she simple restates the same formulaic and nonsensical allegations that fail to allege any cognizable claim. The Court should grant defendants' motion to dismiss, without leave to amend.

DATED: June 3, 2011                    Respectfully submitted,

                                       SEVERSON & WERSON
                                       A Professional Corporation

                                       By: /s/ Bernard J. Kornberg
                                                Bernard J. Kornberg

                                       Attorneys for Defendants
                                       RECONTRUST COMPANY, N.A.;
                                       MORTGAGE ELECTRONIC
                                       REGISTRATION SYSTEMS, INC.; THE
                                       BANK OF NEW YORK MELLON fka The
                                       Bank of New York as Trustee for the Benefit of
                                       the Certificateholders CWMBS, Inc. CHL
                                       Mortgage Pass-Through Trust 2005-2 Mortgage
                                       Pass-Through Certificates, Series 2005 2;
                                       AMERICA'S WHOLESALE LENDER;
                                       COUNTRYWIDE HOME LOANS, INC.; and
                                       BAC HOME LOANS SERVICING, LP

-13-